**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LORENZO OLIVER,<br><br>Plaintiff,<br><br>v.<br><br>DEBRA ROQUET, Psy. D.,<br><br>Defendant. | Civil Action No. 2:13-1881 (JLL)(JAD)<br><br>**ORDER** |

**LINARES, District Judge.**

This matter comes before the Court upon the Motion of Defendant Debra Roquet, Psy.D. ("Defendant") for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(c). [CM/ECF No. 35.] The Court has considered the submissions made in support of and in opposition to Defendant's Motion, and it appearing that:

1. Plaintiff filed an Amended Complaint on June 16, 1014, alleging claims of retaliation under the First Amendment and the NJCRA, and a violation of New Jersey's Administrative Code 10:36A-2.1. [CM/ECF No. 26.]

2. On July 14, 2014, Defendant moved to dismiss Plaintiff's Amended Complaint. [CM/ECF No. 28.] Though Defendant had previously filed a motion to dismiss, Defendant's July 2014 motion argued for the first time that Plaintiff's claims should be dismissed on the basis of qualified immunity. In its August, 28, 2014 Opinion, this Court denied Defendants motion to dismiss on the basis of qualified immunity, holding that Defendant did not have "the right to interpose defenses or objections which might have been made to the original complaint" pursuant to Rule 12(g)(2) of the Federal Rules of Civil Procedure. [CM/ECF No. 33.] (quoting *Slutsky v. Guadagno*, No. 10-5331, 2013 WL 5523688, at *5 (D.N.J. Oct. 3, 2013)). In reaching its decision, this Court also took into account the fact that Plaintiff is pro se. As such, Plaintiff's retaliation claims were allowed to proceed.[1]

---

[1] This Court dismissed Plaintiff's claim of violation of NJAC 10:36A-2.1 with prejudice.

3. This Court, however, allowed Defendant to re-raise a qualified immunity defense through a motion for judgment on the pleadings pursuant to Rule 12(c) or a motion for summary judgment pursuant to Rule 56(a). *Id.*

4. Defendant did not move for reconsideration or appeal this Court's decision to deny qualified immunity at the 12(b)(6) stage of litigation.

5. On September 11, 2014, two weeks after this Court's August 2014 Opinion, Defendant filed a motion for summary judgment. [CM/ECF No. 35.] Defendant again argues that she is "entitled to qualified immunity because she did not violate Plaintiff's clearly established rights." (Def. Br. 12.)

6. In response, Plaintiff argues that discovery is necessary in order to determine "what the defendant knew as it relates to plaintiff's statutory and Constitutional right" to free speech. (Pl. Br. 8.) Plaintiff also points out the fact that Defendant has not filed an answer to either the Complaint or the Amended Complaint. (Pl. Br. 7.) Because Plaintiff is pro se, this Court construes that argument as a request for denial of summary judgment pursuant to Fed. R. Civ. P. 56(d). ("If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.").

7. A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *George v. Rehiel*, 738 F.3d 562, 572 (3d Cir. 2013) (quoting *Ashcroft v. Al–Kidd*, 131 S.Ct. 2074, 2085 (2011)). This Court is cognizant of the fact that courts have a preference for resolving questions of qualified immunity before discovery is ordered. However, in this particular case, without any discovery, this Pro Se Plaintiff would be foreclosed from being able to show that there is a question of fact as to whether Defendant knowingly violated his right to free speech. As such, Defendant's motion for summary judgment is denied without prejudice.

Accordingly, **IT IS** on this **25th day of November, 2014,**

**ORDERED** that Defendant's motion for summary judgment [CM/ECF No. 35] is denied without prejudice. Parties are to meet and confer, and raise any discovery-related requests or issues with Magistrate Judge Joseph A. Dickson. Defendant is permitted to refile her motion for summary judgment subsequent to discovery and pursuant to the deadlines to be established by the Magistrate Judge.

**IT IS SO ORDERED.**

JOSE L. LINARES
U.S. DISTRICT JUDGE